# EXHIBIT 1

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Orlando Field Office*
6680 Corporate Centre Blvd
Orlando, FL 32822



**U.S. Citizenship and Immigration Services**

Date:   JAN   9   2020

Hubert Francila
16908 Sarahs Place
Clermont, FL 34714

A088616769
MSC1990094733

## DECISION

Dear Mr. Francila:

On October 18, 2018, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA).

After a thorough review of your application and supporting documents, we must inform you that we are denying your application. USCIS lacks jurisdiction to decide whether you are eligible for adjustment of status, because you are subject to an unexecuted Final Order of Removal issued by an Immigration Judge.

### Statement of Facts and Analysis, Including Ground(s) for Decision

You filed Form I-485 with USCIS based on being the beneficiary of an immigrant petition. On September 17, 2019, you appeared for an interview to determine your eligibility for adjustment of status. During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form I-485, along with any amendments made during the interview, and supporting documents were true and correct.

USCIS has reviewed the record in your case and determined that removal proceedings against you were commenced with the filing of a Notice to Appear (Form I-862) with the Executive Office for Immigration Review (EOIR) on September 10, 2007. The Notice to Appear charged you with being removable from the United States pursuant to INA 212(a)(6)(A)(i), in that you entered the United States at or near Charlotte Amalie, U.S. Virgin Islands on or about January 22, 2007 and, you were not inspected and admitted or paroled by an Immigration Officer. On February 9, 2009, an Immigration Judge concluded that you were not an arriving alien and ordered you removed from the United States under INA 240. The Board of Immigration Appeals (BIA) dismissed your subsequent appeal from the Immigration Judge's decision on November 30, 2009.

On August 13, 2010, USCIS granted you Temporary Protected Status (TPS). While you remained a TPS beneficiary you departed the United States on May 27, 2018, and returned to the United States on June 3, 2018. Your travel abroad occurred within the USCIS authorized period, as indicated on a TPS-related advance parole document (Form I-512L) issued to you on April 13, 2018.

1

An alien granted TPS may not be deported or removed from the United States during the period in which TPS status is accorded. *See* INA 244(a)(1)(A). An alien with TPS who departs abroad with government authorization, will, upon his or her return to the United States, remain in the same immigration status he or she had upon departure (unless certain mandatory ineligibility grounds for TPS apply which are also removal grounds. *See* Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, section 304(c)(1)(A), PL 102-232, Dec. 12, 1991 (codified as amended at INA 244, Note 3) (MTINA) (an alien with TPS who returns to the United States from a trip abroad "shall be inspected and admitted in the same immigration status the alien had at the time of departure")). Accordingly, upon your return to the United States on June 3, 2018, you remained a TPS beneficiary subject to a final and unexecuted removal order.

USCIS has jurisdiction to adjudicate an application for adjustment of status filed pursuant to INA 245 only if the Immigration Judge does not have jurisdiction. *See* Title 8, Code of Federal Regulations (8 CFR), sections 245.2(a) and 1245.2(a). In general, except in the case of an applicant for adjustment of status who is an "arriving alien," the Immigration Judge has jurisdiction to grant or deny a Form I-485 if the applicant is in a INA 240 removal proceeding before EOIR. Because you were not an arriving alien before your departure from the United States, you cannot be deemed to be an arriving alien upon your return to the United States. *See* MTINA. Thus, as you are not an arriving alien, and you remain subject to a final removal order that was neither terminated nor concluded with your removal or departure under such order of removal, USCIS has no jurisdiction over your application for adjustment of status. Your application must therefore be denied.

There is no appeal from this decision.

**NOTE on Employment Authorization Document:** Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached. See 8 CFR 274a.14(a)(1)(i). Since this Form I-485 is denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice, unless you submit, within 18 days, proof that your Form I-485 remains pending. See 8 CFR 274a.14(b)(2). The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization. Your employment authorization document should be returned to the local USCIS office.

**NOTE on Advance Parole Document:** Any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached. See 8 CFR 212.5(e)(1)(ii). Since this Form I-485 is denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice. See 8 CFR 212.5(e)(2)(i). Your advance parole document should be returned to the local USCIS office.

Sincerely,

Kimberly Dean
Field Office Director

2