UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HUBERT FRANCILA,

    Plaintiff,

v.                                                                        Case No. 5:20-cv-547-RBD-PRL

CHAD WOLF; and KEN
CUCCINELLI,

    Defendants.
_____

## ORDER

Defendants move to dismiss Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction. (Doc. 9 ("Motion").) On referral, U.S. Magistrate Judge Philip R. Lammens recommends granting the Motion. (Doc. 57 ("R&R").) Plaintiff objects to the R&R. (Doc. 13.) Defendants responded. (Doc. 14.) On review, the Court rejects the R&R but grants the Motion on a different basis.

## BACKGROUND

Plaintiff is a citizen of Haiti. (Doc. 1, ¶ 10.) He came to the United States and in 2009, an immigration judge ordered his removal. (*Id.* ¶¶ 11, 14.) But in 2010, Plaintiff was granted temporary protection status ("TPS") because of an earthquake in Haiti. (*Id.* ¶¶ 17–18.) Eight years later, Plaintiff submitted a request for travel authorization, which United States Citizenship and Immigration

1

Services ("USCIS") approved. (*Id.* ¶¶ 20–21.) He traveled abroad and returned to the United States. (*Id.* ¶¶ 22–24.)

Plaintiff then filed a Form I-485 petitioning to change his immigration status (*Id.* ¶ 27; *see also* Doc. 1-4.) But USCIS denied his petition, explaining it lacked jurisdiction to decide whether Plaintiff was eligible for an adjustment of status because Plaintiff was subject to an unexecuted final order of removal by an immigration judge. (Doc. 1, ¶¶ 29–30.)

So Plaintiff sued Defendants in a previous case in this district, alleging USCIS did have jurisdiction over his Form I-485. *See Francila v. Wolf, et al.*, No. 5:20-cv-144-JSM-PRL, Doc. 1 (M.D. Fla. Apr. 9, 2020) (hereinafter, "First Action"). In the First Action, Defendants moved to dismiss. *Id.*, Doc. 10. On referral, Judge Lammens recommended granting the motion, finding the Court lacked jurisdiction. *Id.*, Doc. 15. The parties did not object and Judge James S. Moody adopted Judge Lammens' recommendation. *Id.*, Doc. 16. So Plaintiff's complaint in the First Action was dismissed without prejudice. *Id.*

Plaintiff then sued Defendants again, for the same matter—the present action. (*See* Doc. 1, p. 1. n.1.) History repeated itself. Defendants moved to dismiss the Complaint, arguing the Court lacks jurisdiction. (Doc. 9.) Plaintiff responded. (Doc. 11.) On referral, Judge Lammens found the Court lacks jurisdiction and recommended dismissal. (Doc. 12; *cf.* First Action, Doc. 15.) This time, however,

Plaintiff objects to the R&R. (Doc. 13; *cf.* First Action.) With Defendants' response (Doc. 14), the matter is ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## ANALYSIS

The R&R and the parties' briefing focuses on whether Plaintiff's Complaint challenges a removal order, such that this Court lacks jurisdiction. (Docs. 9, 11–14.) But a simpler, preliminary issue warrants dismissal of Plaintiff's Complaint—the First Action.

"Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *N. Ga. Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 433 (11th Cir. 1993) (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). As the First Action already determined this Court lacks jurisdiction over Plaintiff's claims, a second

consideration of jurisdiction here is precluded. *See id.*; *see also Rajasekaran v. Crandall*, 460 F. Supp. 3d 1269, 1274–75 (M.D. Fla. 2020). As the R&R focuses on a different issue, the Court rejects the R&R, grants Defendants' Motion, and dismisses Plaintiff's Complaint.

## CONCLUSION

It is **ORDERED AND ADJUDGED:**

1. U.S. Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 12) is **REJECTED**.

2. Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 19, 2021.



ROY B. DALTON JR.
United States District Judge